**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 26-14274-CIV-CANNON**

**VINITA PRABHAKAR**,

Plaintiff,

v.

**FRED HAWKINS, *et al.***,

Defendants.
______________________________________/

**ORDER DISMISSING COMPLAINT AND PERMITTING REPLEADING**

**THIS CAUSE** comes before the Court upon a sua sponte review of the record and Plaintiff's Complaint [ECF No. 1]. Upon review, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading; Plaintiff may file an amended pleading in this action on or before **August 17**, **2026**, in accordance with this Order.

**LEGAL STANDARD**

Under Federal Rules of Civil Procedure 8(a) and 8(e), a pleading must contain a "short and plain statement" of the claims for relief and it must be "simple, concise, and direct." Fed. R. Civ. P. 8. Federal Rule of Civil Procedure 10(b) requires parties to state their "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit repeatedly has condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010).

Therefore, it is well-settled that shotgun pleadings are an unacceptable form of setting forth a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp*., 305 F.3d 1293, 1296 (11th Cir. 2002). And the Court has an independent obligation to dismiss such pleadings and require repleader. *See Ain Jeem, Inc. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule A*, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021) (collecting cases).

There are four basic types of shotgun pleadings, as elaborated upon in *Weiland*: (1) those in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which claims apply to which defendants. 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (noting that Rule 8 requires a pleading to "give the defendant fair notice of what the claim is and the grounds upon which it rests" (alteration adopted) (quotation omitted)).

**DISCUSSION**

Plaintiff's Complaint commits the fourth type of shotgun pleading error: "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Due to this deficiency, Defendants lack "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*; *see Twombly*, 550 U.S. at 555 (quotation omitted); Fed. R. Civ. P. 8. And the Court is limited in its ability "to

determine which facts support which claims, [and] whether the plaintiff has stated any claims upon which relief can be granted." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff may file an amended complaint, but any such amended pleading must be filed on or before **August 17**, **2026**, and comply with this Order, along with the following:
   - **a. The allegations and claims in the amended complaint must be set forth in numbered paragraphs, and each claim for relief must be set forth in a separate, numbered count.**
   - b. **The amended complaint must not contain any successive counts that broadly incorporate all prior allegations**. **Each count must identify the particular legal basis for liability and contain specific factual allegations that support each cause of action within each count**. *See Warren v. Devanguardia*, No. 25-CV-1573, 2025 WL 2770882, at *3 (M.D. Fla. Sept. 26, 2025) (noting plaintiffs should "incorporate into each count only those factual allegations necessary to support the count" (quotation omitted)).
   - c. **Each claim must clearly explain which particular defendants are being sued under that claim and what each particular defendant did in reference to that claim. Additionally, each claim must provide supporting facts to show why said defendant(s) are being sued under that claim and identify clearly the legal basis underlying each count asserted**.
3. Failure to comply with this Order may result in dismissal of the case without further

notice.

**ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of July 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record